# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of:<br><br>CHEYNE C. PARHAM,<br><br>                    Appellant,<br><br>     v.<br><br>MARY JOY PARHAM,<br><br>                    Respondent. | No. 57919-7-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Cheyne C. Parham appeals the superior court's order granting Mary Joy Parham's motion to vacate the order of default and final orders entered in their dissolution.[1] Cheyne argues the superior court abused its discretion by granting Mary Joy's motion to vacate. We disagree and affirm.

## FACTS

On August 4, 2021, Cheyne filed a petition for dissolution of his marriage to Mary Joy. Cheyne also filed a proposed parenting plan. Mary Joy was served with the summons and petition. A trial setting hearing was noted for December. Mary Joy did not file a response.

On November 17, 2021, the superior court emailed the parties and informed them that no response to the petition had been filed so the December trial setting hearing was cancelled. The

---

[1] Because it appears from the record that the parties have the same last name, we use their first names for clarity. We intend no disrespect.

email also stated that a trial date would not be set unless a response was filed or the petitioner moved for an order of default. Still no response to the petition was filed.

About two weeks later, Cheyne moved for an order of default. On December 14, 2021, the superior court entered an order of default. Based on the default, the superior court did not assess Cheyne's proposed orders, but merely entered final dissolution orders that were consistent with his petition and proposed parenting plan.

After the final dissolution orders were entered, Cheyne and Mary Joy took steps to comply with the final dissolution orders. Mary Joy identified and obtained personal property from the family home that she wanted. Mary Joy also cooperated with Cheyne to transfer the title of the vehicle that was awarded to her in the dissolution.

However, eleven months later, on November 28, 2022, Mary Joy, with the assistance of an attorney, filed a motion to vacate the final dissolution orders. The motion was based on CR 60(b)(1) and CR 60(b)(11). In her motion, Mary Joy stated the grounds for relief:

> Respondent was never provided an opportunity to review final orders and was pro se and understood that December 10, 2021 was her opportunity to appear in court. Upon informing [Mary Joy] that the hearing originally set for December 10, 2021 was cancelled, [Cheyne] failed to inform [Mary Joy] of the motion for default and did not provide her with final orders until September 2022. The final orders do not make a just and equitable distribution of assets and debts. The final parenting plan and order of child support are not in the children's best interests . . . .

Clerk's Papers at 104.

Cheyne objected to the motion to vacate, arguing that Mary Joy failed to show that the final orders do not make a just and equitable distribution of property or that the parenting plan was not in the best interests of the children. In response, Mary Joy claimed that she was a non-native English speaker and pro se litigant and she did not understand she needed to file a response to the

petition. Mary Joy's lawyer also filed a declaration stating that she used a language line interpreter in order to meet with Mary Joy.

In a supplemental declaration, Cheyne declared that, although Mary Joy was born in the Philippines, English is an official language of the Philippines and Mary Joy was proficient and fully-functional speaking in English. Cheyne also documented all the steps Mary Joy had taken to comply with the final dissolution orders since they were entered, including transferring title to property and taking pieces of personal property from the family home.

At the hearing on Mary Joy's motion to vacate, Mary Joy argued that she mistakenly believed that she did not have to take any action except to show up at the trial setting hearing (initially scheduled for December 2021) because she was acting pro se. And she also argued that the language barrier contributed to her failure to respond. She contended that the final orders did not make a just and equitable distribution of property because Cheyne's military pension was awarded entirely to him. Finally, she alleged the parenting plan did not take into account Cheyne's military service or Mary Joy's history of being the primary parent during his military service.

The superior court noted that default judgments are generally disfavored and the motion to vacate was brought within one year of the default. The superior court also emphasized that the language barrier was a significant barrier that could not be overlooked. VRP 17. The superior court said,

> So I don't necessarily want to vacate the divorce unless you both agree on that. But I think the court needs -- the court needs to hear the fair and equitable division of the property and if there [are] any parenting plan issues. Because the court is the ultimate, even if the parents agree on a parenting plan, once there is some knowledge of, you know, agreement then the court must make the final decision on a parenting plan.

3

Verbatim Rep. of Proc. at 17.

Ultimately, the superior court granted Mary Joy's motion and entered an order vacating the order of default and the final dissolution orders. However, the superior court ordered that the parties' marital status remained dissolved. Cheyne filed a motion for reconsideration, which was denied.

Cheyne appeals.

ANALYSIS

Cheyne argues that the superior court erred by granting Mary Joy's motion to vacate the order of default and the final dissolution orders. We disagree.

We review the superior court's decision to set aside a default judgment for an abuse of discretion. *Little v. King*, 160 Wn.2d 696, 702, 161 P.3d 345 (2007). "A [superior] court abuses its discretion by making a decision that is manifestly unreasonable or by basing its decision on untenable grounds or untenable reasons." *VanderStoep v. Guthrie*, 200 Wn. App. 507, 518, 402 P.3d 883 (2017), *review denied*, 189 Wn.2d 1041 (2018). "[W]e are more likely to find an abuse of discretion when the [superior] court denies a motion to set aside a default judgment than when the [superior] court grants such a motion." *Id.* "[D]efault judgments generally are disfavored because courts prefer to resolve cases on their merits." *Id.* at 517.

CR 60(b)(1) provides for relief from a judgment for "[m]istakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order." Courts apply a four-pronged test to determine if a default judgment should be vacated under CR 60(b)(1):

> (1) that there is substantial evidence supporting a prima facie defense; (2) that the failure to timely appear and answer was due to mistake, inadvertence, surprise, or excusable neglect; (3) that the defendant acted with due diligence after notice of the

4

default judgment; and (4) that the plaintiff will not suffer a substantial hardship if the default judgment is vacated.

*Little*, 160 Wn.2d at 703-04. The first two factors are the primary considerations in whether to set aside a default judgment. *Id.* at 704 ("Factors (1) and (2) are primary; factors (3) and (4) are secondary.").

The test is not mechanical; whether to set aside a default judgment is ultimately a matter of equity. *Id.* "Our primary concern is whether justice is being done." *VanderStoep*, 200 Wn. App. at 517. We must determine whether the superior court's decision is ultimately just and equitable. *Id.* "What is just and equitable must be determined based on the specific facts of each case, not based on a fixed rule." *Id.* at 517-18.

Applying each of the four-prongs of the test, especially the first two "primary factors," the superior court did not abuse its discretion by granting Mary Joy's motion to vacate. As to the first factor related to a prima facie defense, dissolution cases are different from other types of civil cases in that there are not formal claims and defenses. Instead, the superior court is mandated to make a just and equitable distribution of property and enter a parenting plan that is in the best interests of the children. RCW 26.09.002, .080. Here, Mary Joy raised concerns about the just and equitable distribution of property, specifically concerns related to the award of Cheyne's military pension to Cheyne in its entirety. Mary Joy also identified concerns about the parenting plan not being in the best interests of the children due to her history of being the primary parent during Cheyne's periods of military service. Therefore, Mary Joy presented evidence establishing the equivalent of a prima facie defense to the final dissolution orders.

As to the second factor related to whether the failure to respond was due to a mistake, Mary Joy alleged that as a pro se litigant and non-native English speaker, she mistakenly believed that she only had to appear when the superior court set a hearing date. The parties contested Mary Joy's fluency, but regardless, her pro se status combined with the fact that English was not her first language made it a reasonable conclusion that Mary Joy failed to appear due to a mistake.

As to the third factor related to delay, we recognize that 11 months is a significant period of time to wait to bring a motion to vacate. But there is evidence in the record that Mary Joy did not receive copies of the final orders until September 2022 and that it took some time for Mary Joy to obtain an attorney and determine there was reason to pursue a motion to vacate. And as to the fourth factor related to substantial hardship, there is obvious inconvenience to Cheyne in the potential redistribution of property when the final dissolution orders had been in place for almost a year. However, in light of the focus on equities involved in dissolution proceedings, this inconvenience does not, on balance, necessarily translate into a substantial hardship.

Although we may not have made the same decision as the trial court, we cannot say that the superior court's decision was based on untenable grounds or reasons. It is true that not all of the factors of the 4-pronged test clearly weigh in favor of Mary Joy. But the first two factors—factors to which we give primary consideration—do weigh in her favor. And we cannot ignore both the foundational principle that default judgments generally are disfavored and the considerable deference we give to superior courts on these questions. *See VanderStoep*, 200 Wn. App. at 517-18. Accordingly, we affirm the superior court's order vacating the order of default and the final dissolution orders.

No. 57919-7-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

LEE, P.J.

VELJACIC, J.